# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ANDY R. GOMEZ,

      Plaintiff,

vs.                        Civ. No. 97-1185 LH/DJS

KENNETH S. APFEL,
Commissioner of Social Security,

      Defendant.


## MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION[1]

      1.  Plaintiff invokes this Court's jurisdiction under 42 U.S.C. §405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner determined that Plaintiff is not eligible for disability insurance benefits.  Plaintiff moves this Court for an order reversing the Commissioner's final decision or remanding this matter for a rehearing.  The Court will review the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner applied correct legal standards in making his findings.  <u>Williams</u>

---

[1]     Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. Section 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten day period allowed if that party seeks appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

1

v. Bowen, 844 F.2d 748 (10th Cir. 1988).

**Administrative History**

2.     Plaintiff applied for disability insurance benefits in January of 1995 alleging disability since January 13, 1993 due to chronic back pain caused by a lumbar compression fracture which occurred in December of 1983.  Tr. 76.  The application was denied initially and on reconsideration.  Plaintiff requested and received a *de novo* review before an administrative law judge (ALJ).  A hearing was held before the ALJ at which Plaintiff and his representative appeared and the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act.  Tr. 23. The Appeals Council denied Plaintiff's request for review of the ALJ's decision.  Tr. 4.  The decision of the ALJ therefore became the final decision of the Commissioner for judicial review purposes.

3.  Plaintiff had filed a prior application for benefits on December 22, 1993, which was denied April 28, 1994.  Plaintiff did not appeal this denial.  The ALJ found no basis to reopen the prior determination and under the principles of *res judicata* and administrative finality limited his evaluation of the evidence to the period beginning April 29, 1994.  Tr. 30.

**Statement of the Facts**

4.     Plaintiff was born on July 29, 1954.  He had a high school education with no vocational training.  Plaintiff has past

work experience as a drill mechanic.  Tr. 80.

**Issues**

5.    Plaintiff alleges that the ALJ made four errors.
Specifically Plaintiff claims that: (1) the ALJ's decision is not
supported by substantial evidence; (2) the ALJ erred in assessing
the Plaintiff's allegations of pain; (3) the ALJ erred in not
developing the record; and (4) the ALJ erred by failing to give
substantial weight to the opinions of Plaintiff's treating
physicians.

**The Standard of Review**

6.    The function of this Court on review is not to try the
Plaintiff's claim *de novo*, but to determine upon the whole record
whether the Commissioner's decision is supported by substantial
evidence.  <u>Hamilton v. Secretary of Health and Human Services</u>, 961
F.2d 1495, 1497-98 (10th Cir. 1992).  Substantial evidence is more
than a scintilla but less than a preponderance of the evidence.
<u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971).  It is such
relevant evidence as reasonable minds might accept as adequate to
support a conclusion.  <u>Id</u>.  It is well settled that if there is
substantial evidence to support the Commissioner's decision then
that decision must be upheld.  However, the district court should
not blindly affirm the Commissioner's decision but must instead
scrutinize the entire record to determine if the Plaintiff's claim
is supported by substantial evidence and the law has been correctly

applied.  <u>Hogan v. Schweiker</u>, 532 F.Supp. 639, 642 (D.Colo. 1982).

7.  The Plaintiff must first make a *prima facie* showing of an impairment which effectively precludes him from returning to his past work.  Once that showing is made, the burden shifts to the Commissioner to show:  (1) that the Plaintiff, considering his age, education, work experience and physical shortcomings, has the capacity to perform alternative jobs and (2) that these specific types of jobs exist in significant numbers in the economy.  <u>Hall v. Harris</u>, 658 F.2d 260, 264 (4th Cir. 1981); <u>Salas v. Califano</u>, 612 F.2d 480, 482-83 (10th Cir. 1979); <u>Gardner v. Brian</u>, 369 F.2d 443, 446-47 (10th Cir. 1966).

8.  To regularize the adjudicative process, the Social Security Administration promulgated regulations which establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. §404.1520.  At the first three levels of the sequential evaluation process, the claimant must show: (1) that he is not engaged in substantial gainful employment;  (2) that he has an impairment or combination of impairments severe enough to limit the ability to do basic work activities; and (3) that his impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1.  If the claimant cannot show that he has met or equaled a listing, he must show at step four that he is unable to perform work he had done in the past.  At the fifth step, the

burden of proof shifts to the Commissioner to show that the claimant is able to perform other substantial gainful activity considering his age, education, and prior work experience. If a determination of disabled is found at any step, further inquiry is not required. 20 C.F.R. §404.1520.

8.    Upon reaching the fifth step of the sequential evaluation process, the Medical-Vocational Guidelines (grids) are used in determining whether disability exists. 20 C.F.R. Part 404, Subpt. P, App. 2. These grids reflect the existence of jobs in the national economy at various residual functional levels by incorporating administrative notice of some occupational publications and studies. 20 C.F.R. §404.1566(d). This aids the Commissioner in determining what specific job types exist in the national economy for the claimant. To apply the grids, the ALJ must make findings of fact as to age, education, work experience, and residual functional capacity. 20 C.F.R. §§404.1545, 404.1563-.1565. These findings of fact are factored into the grids to produce a factual conclusion of disabled or not disabled. 20 C.F.R. §404.1569. The grids assume that the claimant's sole limitation is lack of strength, i.e., an exertional impairment. 20 C.F.R. Part 404, Subpt. P, App. 2, §200.00(e)(2).

10.   Where a claimant presents evidence of both exertional and nonexertional impairments (such as pain, inability to maintain concentration, and substance abuse), the grids are not conclusive but merely form a framework for disability determination. Id. In

5

that situation, the ALJ must make findings on how much a claimant's work ability is further diminished by the nonexertional limitations. Id. If the claimant's nonexertional limitations are significant enough to reduce further his or her work capacity, the ALJ may not rely upon the grids but instead must give full consideration to all relevant facts, including vocational expert testimony if necessary, in determining whether the claimant is disabled. Id.; Channel v. Heckler, 747 F.2d 577, 583 (10th Cir. 1984). However, the mere presence of nonexertional impairments does not automatically preclude reliance on the grids. Ray v. Bowen, 865 F.2d 222, 225 (10th Cir. 1989); Gossett v. Bowen, 862 F.2d 802, 807-08 (10th Cir. 1988); Channel, 747 F.2d at 582 n. 6.

**Discussion**

11. Plaintiff failed to carry his burden in establishing that he had a disabling impairment. To qualify for benefits Plaintiff must demonstrate, in accordance with the relevant portion of Section 223(d) of the Act, 42 U.S.C. §423(d), that he is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for at least 12 months. 42 U.S.C. §416(1)(10). The Act defines a physical or mental impairment as one "that results from anatomical, physiological or psychological abnormalities which are demonstrated by medically acceptable clinical or laboratory diagnostic

techniques." 42 U.S.C. §423(d)(3). The Commissioners' regulations require claimants to support their allegations through medically acceptable clinical and diagnostic techniques. 20 C.F.R. §404.1513.

12. Substantial evidence supports the ALJ's application of the grids and his finding that Plaintiff is not disabled. The ALJ properly relied on the grids because there was no credible evidence that Plaintiff had a nonexertional impairment. In assessing credibility and his allegations of pain, the ALJ properly analyzed Plaintiff's complaints. Luna v. Bowen, 834 F.2d 161, 165-66 (10th Cir. 1987). Plaintiff provided little evidence relevant to the time period after April 28, 1994. The evidence consists of Dr. Lee's September 1995 examination and a February 1996 report from Ron Ogelsby, a physicians assistant. It is clear from these records that Plaintiff did not make frequent attempts to find pain relief during the period time. Plaintiff took Tylenol "only when needed" during this time period. Tr. 88. As discussed below, these records do not support Plaintiff's allegations.

13. Further, Plaintiff's own testimony does not support his claim of an disabling nonexertional impairment. Plaintiff indicated that on a typical day he washed dishes, vacuumed the carpet, raked the yard and went to school. Tr. 84. See Markham v. Califano, 601 F.2d 533, 534 (10th Cir. 1979)("...such activities may be considered by the Secretary, along with medical testimony, in determining the right of a claimant to disability payments under

7

the Act"). Plaintiff also stated he undertook only limited activities. Tr. 85-86. This conflicts with the information that he told Dr. Nillo in April of 1994 and March of 1995. Tr. 153, 177. The ALJ correctly resolved these inconsistencies and found Plaintiff's complaints not credible. See <u>Musgrave v. Sullivan</u>, 966 F.2d 1371, 1376 (10th Cir. 1992).

14. Muscle atrophy, limitation in range of motion, weight loss or impairment of general nutrition, adverse neurological test results, noticeable swelling and muscle spasm are medical facts which may indicate disabling pain. <u>Espino v. Shalala</u>, 900 F. Supp. 95, 100 (W.D. Tex. 1995). Dr. Nillo found no limitations in Plaintiff range of motion. Dr. Lee found that Plaintiff was limited to 60 to 70 degrees forward flexion. Tr. 155-56, 177. Plaintiff testified that he weighed 200 pounds, and that his usually weight was 190. Tr.216. There is no evidence in the record of muscle weakness, atrophy, muscle spasm or neurological impairment. 15. Disabling pain is pain "so severe..as to preclude any substantial gainful employment." <u>Brown v. Bowen</u>, 801 F.2d 361,362-3 (10th Cir. 1980). There is no objective evidence of such severe pain. It is clear from the ALJ's opinion that he reviewed the evidence as a whole. It is also clear that there were only minor inconsistencies in the record which the ALJ properly addressed. <u>Casias v. Secretary of Health and Human Services</u>, 933 F.2d 799, 801 (10th Cir. 1991).

16. The ALJ did not fail to develop the record. Plaintiff

contends that the ALJ should have contacted Dr. Lee for information about the diagnostic tests he relied on to support his diagnosis. Tr. 21. This specific evidence was submitted and reviewed by the Appeals Council. Tr. 4. <u>O'Dell v. Shalala</u>, 44 F.3d 855, 858-59 (10th Cir. 1994)("New evidence...is part of the administrative record that goes to the district court for review.") Further, these reports concern Plaintiff's condition prior to January of 1993. The reports show that Dr. Lee's report of 1995 was based on diagnostic tests performed in January 1993 and earlier. Tr. 10-15.

17. The ALJ gave appropriate weight to the medical evidence. Plaintiff argues that the ALJ must give substantial weight to the opinion of Plaintiff's treating physicians, Ron Ogelsby and Dr. McCutcheon. Ron Ogelsby is a physician's assistant, not a medical doctor. Tr. 107, 145. He is not an acceptable medical source. See 20 C.F.R. §404.1513(a). Further, Plaintiff saw Mr. Ogelsby from January 1993 through June of 1993 which is outside the period relevant to this case. Tr. 165-168. Further, in his letter of 1993 Mr. Ogelsby indicates that Plaintiff is improving. Similarly Dr. McCutcheon treated the Plaintiff outside the relevant time period. Further, his last report of May 1993 showed that Plaintiff was doing better and Dr. McCutcheon approved plaintiff's return to work. Tr. 139-144.

18. The ALJ's decision to dismissing Dr. Lee's report and relying on Dr. Nillo's reports is supported by the substantial evidence. As discussed above, Dr. Lee's 1995 report was based, in

part, on diagnostic tests of January 1993 or earlier. Dr. Nillo saw the Plaintiff on two different occasions in two different years. His report was supported by diagnostic x-rays made only a few days before his examination. The x-ray showed only mild degenerative changes in the thoracic spine. Tr. 175.

## Recommended Disposition

For these reasons, I recommend that Plaintiff's Motion to Remand be denied.

_____
Don J. Svet
**UNITED STATES MAGISTRATE JUDGE**